```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

VICKI WEISER,

                Plaintiff,          1:16-CV-00763(MAT)
        -v-                         DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____
```

## INTRODUCTION

Vicki Weiser ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On May 14, 2013, Plaintiff protectively filed for DIB, alleging disability beginning December 13, 2011. Administrative Transcript ("T.") 64-65. The claim was initially denied on August 19, 2013, and Plaintiff timely requested a hearing. T. 74-

82. A hearing was conducted on March 30, 2015, in Buffalo, New York by administrative law judge ("ALJ") Donald T. McDougall, with Plaintiff appearing with her attorney. T. 30-62. A vocational expert ("VE") also testified. T. 53-62.

The ALJ issued an unfavorable decision on May 6, 2015. T. 14-26. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied Plaintiff's request for review on July 26, 2016, making the ALJ's decision the final decision of the Commissioner. T. 1-4. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2016. T. 19.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since her alleged onset date of December 13, 2011. *Id.* At step two, the ALJ determined that Plaintiff had the "severe" impairments of vertebrogenic disorders of the cervial and lumbar spine. *Id*. The ALJ also considered Plaintiff's diagnoses of hypothyroid and irritable bowel syndrome ("IBS"), as well as her complaint of Crohn's disease and medical evidence of carpal tunnel syndrome. T. 20. The ALJ found no

evidence that Plaintiff's hypothyroid caused any work-related limitations. He further found that apart from the diagnosis of IBS, Plaintiff's medical records contain no mention of Crohn's disease or active colitis. T. *Id.* The ALJ also found that Plaintiff had not undergone any treatment for her carpal tunnel syndrome. Accordingly, the ALJ found these impairments were non-severe. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), with the following additional limitations: must be able to change positions briefly for one to two minutes at least every thirty minutes; no rotation of the head or neck more than forty-five degrees in either direction; no sustained overhead work with her hands or arms; no climbing ladders, ropes, or scaffolds; no heights or exposure to dangerous moving machinery; and no more than occasional balancing, stooping, kneeling, crouching or crawling. T. 20.

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a cashier checker at a dry cleaning shop. T. 25. Accordingly, the ALJ ended the sequential process and

determined that Plaintiff had not been under a disability, as defined in the Act, since the alleged onset date. *Id.*

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

DISCUSSION

Plaintiff contends that remand of this matter is warranted for the following reasons: (1) the ALJ incorrectly found Plaintiff was able to perform her past relevant work; (2) the ALJ improperly rejected the opinion of Plaintiff's treating physician, David A. O'Keefe; and (3) the ALJ's credibility determination is not supported by substantial evidence.

For the reasons discussed below, the Court agrees with Plaintiff that the ALJ erred at step four in finding that Plaintiff was able to perform her past relevant work. Accordingly, remand of this matter for further administrative proceedings is necessary.

I. **Plaintiff's Past Relevant Work**

At the hearing in this matter, Plaintiff testified she worked as a counter clerk at her family's dry cleaning business for sixteen years, until the business was sold in early 2013. T. 43. Plaintiff testified that in October 2014, she began working part-time as a counter clerk at a different dry cleaning business, but had to quit in February 2015 because it was too difficult for her. T. 35. In both roles, Plaintiff testified she would work the cash register, take in dry cleaning, mark it, and bag it. She was also required to clean lint filters as an additional function of her part-time job. *Id.*

After hearing Plaintiff's testimony regarding her job duties, the VE testified that Plaintiff's past work in her family's dry

cleaning business was "a combination of two jobs." T. 54. The first, cashier checker, is classified by the Dictionary of Occupational Titles ("DOT") as a semi-skilled occupation at a light exertional level. The second, dry cleaner helper, is classified as unskilled at a medium exertional level, but, the VE testified, was a light exertional level as Plaintiff actually performed it. T. 54-55. The VE testified that a hypothetical individual with Plaintiff's RFC would be able to perform the cashier checker function of her past relevant work. T. 55-56. However, the VE further testified that the hypothetical individual would be unable to perform the additional dry cleaner helper portion of Plaintiff's past relevant work. T. 56.

With respect to the particular duties of a cashier checker at a dry cleaning business, the VE testified that the job "could be performed in such a way that there wouldn't really be any overhead reaching," in order to comport with the RFC finding. T. 58. When pressed by Plaintiff's attorney whether such an accommodation was generally done in the economy for that position, the VE testified that he had "seen it done that way," though "the number of jobs available might be less in a sense that some employers would require [the lifting.]" T. 59.

In his decision, the ALJ found Plaintiff was capable of performing her past relevant work as a cashier checker at a dry cleaning shop. T. 25. The ALJ noted that this "job requires some

cleaning business was "a combination of two jobs." T. 54. The first, cashier checker, is classified by the Dictionary of Occupational Titles ("DOT") as a semi-skilled occupation at a light exertional level. The second, dry cleaner helper, is classified as unskilled at a medium exertional level, but, the VE testified, was a light exertional level as Plaintiff actually performed it. T. 54-55. The VE testified that a hypothetical individual with Plaintiff's RFC would be able to perform the cashier checker function of her past relevant work. T. 55-56. However, the VE further testified that the hypothetical individual would be unable to perform the additional dry cleaner helper portion of Plaintiff's past relevant work. T. 56.

With respect to the particular duties of a cashier checker at a dry cleaning business, the VE testified that the job "could be performed in such a way that there wouldn't really be any overhead reaching," in order to comport with the RFC finding. T. 58. When pressed by Plaintiff's attorney whether such an accommodation was generally done in the economy for that position, the VE testified that he had "seen it done that way," though "the number of jobs available might be less in a sense that some employers would require [the lifting.]" T. 59.

In his decision, the ALJ found Plaintiff was capable of performing her past relevant work as a cashier checker at a dry cleaning shop. T. 25. The ALJ noted that this "job requires some

cleaning business was "a combination of two jobs." T. 54. The first, cashier checker, is classified by the Dictionary of Occupational Titles ("DOT") as a semi-skilled occupation at a light exertional level. The second, dry cleaner helper, is classified as unskilled at a medium exertional level, but, the VE testified, was a light exertional level as Plaintiff actually performed it. T. 54-55. The VE testified that a hypothetical individual with Plaintiff's RFC would be able to perform the cashier checker function of her past relevant work. T. 55-56. However, the VE further testified that the hypothetical individual would be unable to perform the additional dry cleaner helper portion of Plaintiff's past relevant work. T. 56.

With respect to the particular duties of a cashier checker at a dry cleaning business, the VE testified that the job "could be performed in such a way that there wouldn't really be any overhead reaching," in order to comport with the RFC finding. T. 58. When pressed by Plaintiff's attorney whether such an accommodation was generally done in the economy for that position, the VE testified that he had "seen it done that way," though "the number of jobs available might be less in a sense that some employers would require [the lifting.]" T. 59.

In his decision, the ALJ found Plaintiff was capable of performing her past relevant work as a cashier checker at a dry cleaning shop. T. 25. The ALJ noted that this "job requires some

lifting to about eye level but most likely not very frequently, and not more than required by the [RFC finding]." *Id*.

Plaintiff argues the ALJ's step four finding that she was capable of performing her past relevant work is not supported by substantial evidence. Specifically, Plaintiff argues that her past relevant work was a combination of cashier checker and dry cleaner helper, and therefore was a composite job as defined by Social Security Regulation ("SSR") 82-61. Plaintiff further argues it was legal error for the ALJ to only cite the portion of the job that contained the less strenuous requirements in order to find that she was capable of performing her past relevant work as actually or generally performed. For the reasons set forth below, the Court agrees.

"When significant variation exists between a claimant's description of her job and the DOT description of the job, it may be the result of a composite job." *Long v. Berryhill*, No. 16-CV-760S, 2018 WL 618119 at *4 (W.D.N.Y. Jan. 30, 2018) (internal quotation marks omitted). A composite job contains "significant elements of two or more occupations, and, as such, ha[s] no counterpart in the DOT." SSR 82-61, 1982 WL 31387, at *2. Furthermore, the "main duties of a composite job will only be adequately described by multiple DOT occupations." *Long*, 2018 WL 618119, at *4.

At the hearing, the VE clearly established that Plaintiff's past work as a counter clerk at her family's dry cleaning business was a combination of two separate DOT occupations. Specifically, Plaintiff performed the duties of a cashier checker and a dry cleaner helper. *See* T. 54-55. Despite this, neither the VE nor the ALJ acknowledged or discussed that Plaintiff's past work was a composite job. Instead, based on the VE's testimony and the RFC finding, the ALJ determined that Plaintiff was capable of performing the cashier checker component of her previous work and thus, was not disabled. T. 25. This was error.

"Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." *Long*, 2018 WL 618119, at *5 (quoting *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985)). Furthermore, it is reversible error for the ALJ to make a step four finding that a claimant is not disabled simply because he or she can perform the tasks required for one of the two DOT occupations that comprise his or her past relevant work. *Id*. (citing *West v. Berryhill*, No. 4:16-CV-852-SPM, 2017 WL 4264126, at *5-6 (E.D. Mo. Sept. 26, 2017)); *see also Lyda v. Colvin*, 221 F. Supp. 3d 1254, 1259 (D. Colo. 2016) (remanding where the ALJ found at step four that the plaintiff was capable of performing his

past job, though only the light exertional component of his past job and noting that "a step four determination will be supported only if substantial evidence shows the plaintiff can perform the requirements of *all* the component jobs" (emphasis added)); *Blackwell v. Colvin*, No. 4:14 CV 252 JMB, 2015 WL 4132000, at \*17 (E.D. Mo. July 8, 2015) (remanding where the ALJ found at step four that the plaintiff could return to the position of home healthcare manager as generally performed (a light exertional level job), though the record established that the plaintiff's past job involved the tasks of both a home healthcare manager and the tasks of a home health aide (a medium exertional level job)).

The Commissioner relies on two older cases from this District to argue Plaintiff's past relevant work was not a composite job because the components of the job could be split into two separate jobs, each with their own job description in the DOT. (Docket No. 16-1 at 22). However, as set forth above, more recent cases both within this District and outside of this Circuit have uniformly found that where a claimant's past relevant work is a blend of duties from two different DOT job descriptions, as here, the claimant's past relevant work was a composite job. *See Long*, 2018 WL 618119, at \*4-5; *Morgan v. Berryhill*, No. 2:16-cv-01052 JRC, 2017 WL 2628094, at \*1 (W.D. Wash. Jun. 19, 2017) (remanding where the ALJ erred in failing to acknowledge plaintiff performed a composite job, rather than two separate DOT occupations). The

Court agrees with these more recent cases' reading of SSR 82-61 and finds that, under the facts of this case, Plaintiff's past relevant work was in fact a composite job. The Court further notes that *Johnson v. Colvin*, No. 13-CV-6319, 2014 WL 139465 (W.D.N.Y. Apr. 9, 2014), one of the cases the Commissioner relies upon, is distinguishable in any event because the holding therein turned on the fact that the plaintiff was capable of performing *both* jobs that made up his past relevant job. *Id.* at *7. In this case, as acknowledged both by the VE and the ALJ, Plaintiff is not capable of performing the dry cleaner helper component of her past relevant work. *See* T. 25, 56.

For the reasons set forth above, the Court finds the ALJ's step four finding is not supported by substantial evidence. The Court further finds that remand for further administrative proceedings is necessary, so that the Commissioner can properly consider in the first instance the remainder of the sequential analysis, properly applying SSR 82-61.

## II. Plaintiff's Remaining Arguments

Plaintiff has also argued that the ALJ failed to properly evaluate the opinion of her treating physician and failed to properly assess her credibility. Having found remand necessary as explained above, the Court need not and does not address Plaintiff's remaining arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Docket No. 16) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: November 16, 2018
       Rochester, New York